**Elva Dale SEINER, Appellant,**

v.

**Bobby Gene SEINER, Respondent.**

**No. 28861.**

Missouri Court of Appeals,
Kansas City District.

May 2, 1977.

Motion for Rehearing and/or Transfer
Denied June 1, 1977.

Application to Transfer Denied
July 11, 1977.

Morris, Foust, Beckett & Ponick, Max W. Foust, Bart L. Strother, Kansas City, for appellant.

Earnshaw & Earnshaw, Catherine Earnshaw Hobbs, Lee's Summit, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from judgment in dissolution of marriage proceeding insofar as it divides marital property. Affirmed.

The judgment, after dissolving the marriage, awarded Mrs. Seiner $15 per week maintenance, $600 attorney's fees, and $350 to pay debts incurred by her since separa-

tion from Mr. Seiner. It divided marital property as follows:

(1) Of a total of 50 shares, being all the shares of Summit Moving and Storage, Inc., 25 shares being owned by each party, Mrs. Seiner was ordered to transfer to Mr. Seiner her 25 shares so that he would own all 50 shares;

(2) Mrs. Seiner was ordered to convey to Mr. Seiner her interest in a Contract for Deed of January 15, 1975, to a tract used for the parties' business operation, balance due sellers $105,000;

(3) Mrs. Seiner was ordered to convey to Mr. Seiner her interest in a church bond so that he would be solely responsible and hold her harmless for any obligation arising out of the bond, approximate debt $800;

(4) Both parties were ordered to select items of personal property and household goods having sentimental value to them, and to sell the remainder at auction and divide the proceeds equally;

(5) Both parties were ordered to sell their residence and divide the proceeds equally.

Appellant asserts the division "could not have been in just proportions because the value of the marital property cannot be determined from the evidence and because the court erroneously valued the marital property based on the evidence. * * * Even if a value of the marital property was properly determined, the division is so heavily weighted in favor of [Mr. Steiner] that it constitutes an abuse of discretion because there was not sufficient evidence to support those factors which under Missouri law would justify such a discrepancy."

Section 452.330, RSMo 1969, provides for division of marital property "in such proportions as the court deems just after considering all relevant factors including:

"(1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

"(2) The value of the property set apart to each spouse;

"(3) The economic circumstances of each spouse at the time the division * * * is to become effective * * *; and

"(4) The conduct of the parties during the marriage."

Appellant concedes an "equal" and just division of the residence, furniture and household goods, items (4) and (5) of the judgment. She argues that the value of the respective interests in the contract for deed could not have been determined from the evidence "unless only coincidentally so," and therefore the entire division of marital property was not just.

Appellant also concedes there was sufficient evidence to support a finding that the 50 shares of stock awarded to Mr. Seiner had no value; but that because the contract for deed could not be valued, its value determines the extent of imbalance, thereby rendering the entire division unjust.

■ Appellant concedes, too, that Section 452.330, supra, does not require an equal division of property, but only that the court make a just division.

Elva Dale and Bobby Gene Seiner were married November 2, 1952. They had two children, both of whom were emancipated at time of trial.

Mrs. Seiner was employed in Oklahoma City, Oklahoma, at the time of trial, earning $96 per week, $385 per month take-home pay. Her estimated expenses for rent, utilities, automobile, insurance, and food totaled $500 per month. She estimated, but was not sure, that she owed her family $1,000 on debts incurred since separation from her husband September 20, 1975.

Mr. Seiner received $138.74 per week take-home pay from the family corporation, Summit Moving and Storage. He had personal expenses for such things as house payment, utilities, clothing, and life insurance totaling $360 per month, including $20 per week tithe to his church.

Mr. and Mrs. Seiner acquired Summit Moving and Storage in 1964. Although expanded over the years, business had not been good. The company accountant valued the stock at a "negative" $137.40 per share, without value.

The family residence in Greenwood, Missouri, had a fair market value of $30,000, against which there was a lien of $7,000.

The terms of the contract for deed dated January 15, 1975, were:

| | |
|---|---|
| Purchase price | $113,190.88 |
| Down payment | 3,000.00 |
| Monthly payment | 1,193.00 |
| Interest | 7½% |
| First payment | February 15, 1975 |

Mrs. Seiner worked in the family business during the last several years of the marriage. She assisted in management and did some of the bookkeeping. Her earnings contributed to acquisition of marital property, and she promised to train a girl to replace her in the business upon her expressed desire to quit working. She did not fulfill this promise, and her inaction caused some problems in the business.

Mrs. Seiner's principal complaint against her husband was that he was possessed of a violent temper. The only specific complaint of violence was an incident in September, 1975. Mr. Seiner's complaint against his wife was that she had not been a good wife to him for the last several years. She had filed a divorce action previously, and he disapproved of a relationship she formed with one of the company's employees. The reconciliation was against her will because she said she had lost her love for him.

In these circumstances, it may not be said that the evidence is insufficient to support the mode of division of the marital property or that, as a matter of law, the division is unjust. The division of marital property within the meaning of Section 452.330, supra, cannot be accomplished by way of a mathematical formula, *Claunch v. Claunch*, 525 S.W.2d 788, 792–793 (Mo.App. 1975); nor can the power to apportion be circumscribed by rigid methods or mechanics, *Corder v. Corder*, 546 S.W.2d 798, 805–806[12, 13] (Mo.App.1977).

The only item in question is the value of the contract for deed on the land utilized in the business. Neither party presented evidence of the fair market value of the tract; however, the court had the terms of the contract and the amount of payments made to aid it in such consideration. Any value that the court could have assigned to the equity in the contract set off to Mr. Seiner appears justly balanced by the negative value of the company stock and the church debt assumed by Mr. Seiner, and the economic condition of Mrs. Seiner and the cash allowances for fees, debts, and maintenance made to her.

Judgment affirmed.

All concur.